**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Abdulvosi Fozilov,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-06527-PHX-SPL

**ORDER**

In Respondents' response, Respondents contend "Petitioner is properly detained under Section 1225(b)(2)(A), not Section 1226(a); Petitioner has no due process right to release." (Doc. 6 at 2.) On September 21, 2026, in *Padilla v. ICE*, the Ninth Circuit rejected the government's argument that *DHS v. Thuraissigiam* forecloses due process rights, beyond those Congress grants by statute, for noncitizens who entered the country unlawfully. *Padilla v. U.S. Immigr. & Customs Enf't*, No. 24-2801, slip op. at 25–27 (9th Cir. Sept. 21, 2026); *see Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). The court wrote that "[t]he government's boundless proposition is nowhere to be found in *Thuraissigiam*." *Padilla*, slip op. at 34. It held that the Supreme Court's decision applies only to noncitizens "at the threshold of initial entry." *Id.* at 27 (quoting *Thuraissigiam*, 591 U.S. at 107). The court emphasized that "[t]he right to due process is conferred, not by legislative grace, but by constitutional guarantee." *Padilla*, slip op. at 34 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) (citation modified)). It concluded that "[n]oncitizens who arrive illegally and are found away from the border well

after arrival are protected from arbitrary detention in violation of the Due Process Clause." *Id.* at 45.

In light of *Padilla*, the Court will require Respondents to file a supplemental response addressing whether Petitioner is entitled to release or a bond hearing.

**IT IS THEREFORE ORDERED** Respondents must file a supplemental response as directed herein no later than **September 30, 2026**. Petitioner may file a supplemental reply no later than **October 7, 2026**.

Dated this 22nd day of September, 2026.

Honorable Steven P. Logan
United States District Judge